PARLIN & *als. versus* WARE.

A title to land by levy cannot be sustained, by showing from the records that the judgment debtor had executed and acknowledged a *lease* of it, prior to the attachment, to another for life, and in the *lease* was a recital that the lessee had that day conveyed the same to the lessor by deed, against the tenant claiming by an absolute conveyance from the *lessee*, who is shown to have been the former owner.

From *such recital* no satisfactory evidence is furnished as to the real character of the conveyance to the judgment debtor.

ON REPORT from *Nisi Prius*, TENNEY, J., presiding.
WRIT OF ENTRY.

After the evidence was introduced it was agreed to submit the cause to the decision of the full Court upon such of the evidence as was admissible, the Court to draw inferences therefrom as a jury might properly do. The titles under which the parties claimed are fully stated in the opinion.

The demandant's title depending upon that of John Flanders, he introduced a lease of the premises, executed and recorded in June, 1829, from said John to Nathaniel Flanders for life.

In that lease was the following:—"That whereas the said Nathaniel hath by his deed of this date, conveyed unto the said John the farm situated in said Cornville whereon the said Nathaniel now lives, and whereas the aforesaid conveyance might subject the said Nathaniel to difficulty and inconvenience by depriving the said Nathaniel of the means of subsistence and a comfortable place of abode, now in consideration of the premises, the said John," &c. leased the same premises.

Evidence was also introduced that John occupied the same from the time the lease was made until after the levy, and that Nathaniel died in 1840.

The demandant also offered the deposition of Timothy Eastman, who among other matters testified as to the contents of the deed mentioned in the lease, he having drafted it, and that after it was delivered, thought it was given to

him to keep on some contingency, and that when he moved out of the State, in 1835, it was left among his papers.

That part of the deposition relating to the contents of the deed was objected to, and ruled out.

He also called Levi Johnson, who testified that Eastman's papers were left with him and that on searching them he was unable to find such a deed.

The deposition was offered after this testimony was given.

*Hutchinson,* for tenant, made some objections to the levy, but relied principally on the position that no legal proof had been introduced of any title in John Flanders; and that the loss of the deed to him had not been proved, and no parol evidence of its contents was admissible. *Kimball* v. *Morrell,* 4 Greenl. 368; *Emery* v. *Vinall,* 26 Maine, 295.

*Abbott,* for demandant, on this part of the case, contended that the deposition of Eastman should be admitted. It was taken under a commission; the witness was out of the jurisdiction and it was not objected to, excepting as to certain parts.

The copy of the lease was admissible under Rule 34 of this Court, and that recites the fact of the conveyance to John.

By this paper Nathaniel is estopped from denying that he had conveyed the premises.

The attachment and subsequent levy are tantamount to a deed from John Flanders, duly executed and recorded in July, 1836. All this was before any claim by defendant.

This lease, with other evidence, estops Nathaniel Flanders and his grantee, the tenant, who took his deed after the attachment, from contesting the fact recited in the lease, that Nathaniel had conveyed by deed to John, and from contesting the title of John and of these plaintiffs.

SHEPLEY, C. J. — The case is presented upon so much of the testimony, as may be legally admissible, with authority to make such inferences as a jury might.

The demandants' title arises out of the levy of an execu-

tion on the premises, on March 27, 1837, issued on a judgment recovered by Parlin and Moses Jewett against John Flanders. An attachment was made of the farm, on which John Flanders then lived, on July 25, 1836. A lease for life bearing date on June 1, 1829, and recorded in the registry of deeds, from John Flanders to Nathaniel Flanders, of the farm on which Nathaniel then lived, was introduced by a duly authenticated copy, which may be admissible under Rule 34 of this Court, as a deed operating to convey an estate for life. That lease contains a recital, that Nathaniel had on that day by his deed conveyed the same farm to John. This recital may be sufficient to prove the existence of such a deed, but it can afford no satisfactory proof of the character of that conveyance. It does not show, whether that deed was absolute or conditional — valid or invalid. The loss of that deed has not been proved, and no sufficient foundation has been laid for the admission of its contents. There is proof that John continued to occupy that farm, after he had made the lease to his father Nathaniel, until after the levy was made. Upon this proof rests the title of the demandants.

The tenant introduced a deed of conveyance of lot numbered 24, in Cornville, from Phineas Currier to Nathaniel Flanders, dated September 16, 1825. And a deed from the latter to himself of lot 24, in Cornville, being the farm whereon he then lived, made on November 22, 1836, and recorded on the day following. And a deed of release from John Flanders to himself, made on November 22, 1836, of lot 24, in Cornville, with other documents not deemed essential.

Objection is made to the title of the tenant, as derived from Nathaniel and John Flanders, "that there is not sufficient evidence in the case showing, or tending to show, that either of the deeds covers the land, or any part of the land, claimed in the case at bar."

The description of a tract of land in the levy, under which the demandants claim title, is of a piece of land lying in

Cornville, and bounded, "beginning at the south-east corner of lot numbered twenty-four, at the road, being the same lot on which the said Flanders now lives, thence north, on the east line of said lot 100 rods, to the north line of said lot, thence west, on the north line of said lot 160 rods, thence south, parallel with the east line 100 rods, to the south line of said lot to the road, thence east, on said road 160 rods, to the first mentioned bounds, containing one hundred acres." This appears to describe a tract of land 160 rods in length and 100 rods in breadth as part of lot 24. The description of the second tract has reference to "said lot" in all its lines except one, leaving no reasonable doubt, that the description is part of lot 24.

The land conveyed by Nathaniel Flanders to the tenant, is described as "a tract or parcel of land situated in Cornville aforesaid, being lot numbered twenty-four on the plan of Cornville." There is not, as the argument states, any reference in the levy to the plan of Cornville for the number of the lot. In the absence of all opposing testimony it is not a strained inference to make, that lot 24, in Cornville, and lot 24, on the plan of Cornville, is the same. The lot is however further identified by the lease introduced by the demandants and by testimony, as the lot on which the two Flanders lived.

It is further insisted, that the testimony does not prove, that Nathaniel Flanders owned the land, when he made a conveyance of it to the tenant, because the conveyance from Currier to him describes Nathaniel Flanders "of South Hampton, of the county of Rockingham and State of New Hampshire," and there is no testimony to prove that he removed to or lived upon lot 24, in Cornville. The proof authorizing an inference of identity is, that the lot conveyed to him and by him is the same; that he received a lease of it for life, describing it as the farm whereon he then lived. There is no proof of any other Nathaniel Flanders connected with those deeds.

It is not very desirable or useful to have such questions presented to the Court for decision.

The result is, that Nathaniel Flanders appears to have been the owner of the farm by a conveyance from Currier; to have made a deed of it to his son John, and then to have conveyed it to the tenant. There is no sufficient proof, that a legal title to the farm was conveyed by the deed from Nathaniel to John, and it was therefore apparently conveyed by Nathaniel to the tenant. *Demandants nonsuit.*

Rice, J., dissented.